**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| ROGER R. BARTON, and ) | |
| DELBERT G. NICHOLS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Cause No. |
| ) | |
| ELLIOTT EQUIPMENT COMPANY, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | **CLAIM IN EXCESS OF $75,000.00** |
| ) | |

**COMPLAINT**

COMES NOW Plaintiffs, Roger R. Barton and Delbert G. Nichols, by and through their attorneys, and for their cause of action against Defendant, Elliott Equipment Company, state as follows:

**PARTIES**

1.      Plaintiff, Roger R. Barton, is a resident and citizen of Annapolis, Missouri.

2.      Plaintiff, Delbert G. Nichols, is a resident and citizen of Belleview, Missouri.

3.      Defendant, Elliott Equipment Company is a Nebraska Corporation with its principal place of business located in Omaha, Nebraska.

4.      Defendant, Elliott Equipment Company is now and was engaged in the business of designing, manufacturing, selling, and/or distributing, among other things, aerial work platforms.

5.      In approximately February 2005, Elliott Equipment Company designed, manufactured, distributed and/or sold an aerial work platform, model H 60F-MHUS,

60 foot platform, serial number AR 3358, manufacture date 1-05, to the Doe Run Company.

## VENUE & JURISDICTION

6.     Venue is proper in the Eastern District of Missouri in that the facts giving rise to Plaintiff's cause of action occurred in or around Reynolds County, Missouri.

7.     Plaintiffs and Defendant are citizens of different states, the amount in controversy exceeds $75,000, exclusive of interest and costs, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

8.     Doe Run Company is metal mining and lead producing company.

9.     The aerial work platform purchased by Doe Run Company from Elliott Equipment Company was to be used in mine scaling operations.

10.    Scaling is a process where loose rock is removed from the ceilings and walls of mines.  Miners are able to remove the loose rock from the ceilings and walls of the mines by utilizing an aerial work platform.  The platform or basket can be extended to different heights or lengths by the use of adjustable boom that is attached to a truck.  Miners can then use a pry-bar to dislodge loose rocks from the ceilings or walls of the mine.

11.    On or about November 7, 2013, Plaintiffs, Roger R. Barton and Delbert Nichols, were employees of Doe Run Company and were using the Elliott Equipment Company aerial work platform to perform scaling operations at a significant height in the Brushy Creek Mine located in Reynolds County, Missouri.

12.     Elliott Equipment Company markets its products for use in mining operations.

13.     Elliott Equipment Company offers a lifetime structural warranty for its equipment sold in the United States and Canada.

### COUNT 1
### (Strict Liability Roger Barton)

14.     Plaintiff, Roger Barton, re-alleges and incorporates by reference all preceding paragraphs 1 through 13.

15.     On or about November 7, 2013, the aerial lift was in substantially the same condition as when it was designed, manufactured, distributed and/or sold.

16.     On or about November 7, 2013, the aerial lift was being used in a manner that was reasonably anticipated and reasonably foreseeable by Defendant.

17.     At the time of the design, manufacture, distribution and/or sale of the aerial lift by Defendant, the aerial lift was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in one or more of the following respects:

    a.  The aerial lift's framework lacked sufficient strength; or

    b.  The aerial lift's framework was improperly manufactured; or

    c.  The aerial lift had inadequate maintenance procedures; or

    d.  The aerial lift had inadequate inspection procedures; or

    e.  The aerial lift had inadequate warnings concerning inspection and/or maintenance of the framework; or

    f.  Such further defects as discovery and the evidence will reveal.

18. As a direct result of one or more of the aforesaid defects, the square metal tubing framework of the turret where the telescopic boom of the aerial lift is attached fractured causing the aerial platform to fall a significant height to the mine floor.

19. Defendant knew or reasonably should have known that death or severe bodily injury was substantially likely occur as a result of the defective and unreasonably dangerous condition of the aerial platform as described above.

20. Said defects directly caused or directly contributed to cause injuries to Roger Barton, including but not limited to a comminuted left open patella fracture requiring an operative procedure, left and right sided rib fractures, left shoulder injuries requiring an operative procedure, and injuries to his back.  Further, said injuries have caused and will cause the plaintiff in the future, medical expenses, lost wages and earning capacity, pain and suffering, and loss of a normal life.

21. The actions and conduct of Defendant exhibited a complete indifference to, or to conscious disregard for, the safety of Plaintiff and others, thereby entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Roger Barton, prays for judgment against Defendant Elliott Equipment Company in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), for pre-judgment interest, for punitive damages, for his costs incurred herein, and for such other relief as this Court deems just under the circumstances.

## COUNT 2
### (Negligence / Roger Barton)

COMES NOW, Plaintiff, Roger Barton, and for his second cause of action against Defendant states as follows:

22. Plaintiff re-alleges and incorporates by reference all preceding paragraphs 1 through 21.

23. The aforesaid occurrence and resulting severe injuries and damages sustained by Plaintiff were directly caused or contributed to be caused by the carelessness and negligence of Defendant, in one or more of the following respects:

   a. Defendant failed and omitted to exercise ordinary care to either manufacture or design the product to be reasonably safe;

   b. Defendant failed and omitted to design or manufacture the aerial lift's framework of sufficient strength for its intended and foreseeable use; or

   c. Defendant failed and omitted to provide adequate maintenance procedures; or

   d. Defendant failed and omitted to provide adequate inspection procedures; or

   e. Defendant failed and omitted to provide adequate warnings concerning inspection and/or maintenance of the framework; or

   f. Such further defects as discovery and the evidence will reveal.

24. As a direct result of the negligence of Defendant and the defective and unreasonably dangerous condition of the aerial lift platform, the square metal tubing framework of the turret where the telescopic boom of the aerial lift is attached fractured causing the aerial platform to fall a significant height to the mine floor.

25. As a direct result of the negligence of the Defendant and the defective and unreasonably dangerous condition of the aerial lift, Plaintiff, Roger Barton, sustained bodily injuries, including but not limited to, a comminuted left open patella fracture requiring an operative procedure, left and right sided rib fractures, left shoulder injuries requiring an operative procedure, and injuries to his back. Further, said injuries have caused and will cause the plaintiff in the future, medical expenses, lost wages and earning capacity, pain and suffering, and loss of a normal life.

26. The actions and conduct of Defendant exhibited a complete indifference to, or conscious disregard for, the safety of Plaintiff, and others, thereby entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Roger Barton, prays for judgment against Defendant Elliott Equipment Company in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), for pre-judgment interest, for punitive damages, for his costs incurred herein, and for such other relief as this Court deems just under the circumstances.

## COUNT 3
**(Strict Liability Delbert Nichols)**

27. Plaintiff, Delbert Nichols, re-alleges and incorporates by reference all preceding paragraphs 1 through 13.

28. On or about November 7, 2013, the aerial lift was in substantially the same condition as when it was designed, manufactured, distributed and/or sold.

29. On or about November 7, 2013, the aerial lift was being used in a manner that was reasonably anticipated and reasonably foreseeable by Defendant.

30. At the time of the design, manufacture, distribution and/or sale of the aerial lift by Defendant, the aerial lift was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in one or more of the following respects:

    a. The aerial lift's framework lacked sufficient strength; or

    b. The aerial lift's framework was improperly manufactured; or

    c. The aerial lift had inadequate maintenance procedures; or

    d. The aerial lift had inadequate inspection procedures; or

    e. The aerial lift had inadequate warnings concerning inspection and/or maintenance of the framework; or

    f. Such further defects as discovery and the evidence will reveal.

31. As a direct result of one or more of the aforesaid defects, the square metal tubing framework of the turret where the telescopic boom of the aerial lift is attached fractured causing the aerial platform to fall a significant height to the mine floor.

32. Defendant knew or reasonably should have known that death or severe bodily injury was substantially likely occur as a result of the defective and unreasonably dangerous condition of the aerial platform as described above.

33. Said defects directly caused or directly contributed to cause injuries to Delbert Nichols, including but not limited to multiple right rib fractures, a liver lesion, right knee, fractures to his maxillary bones and sinuses requiring operative repair, multiple tooth fractures and avulsions requiring operative repair, and injuries to his back including a T1 spine fracture. Further, said injuries have caused

and will cause the plaintiff in the future, medical expenses, lost wages and earning capacity, pain and suffering, and loss of a normal life.

34. The actions and conduct of Defendant exhibited a complete indifference to, or to conscious disregard for, the safety of Plaintiff and others, thereby entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Delbert Nichols, prays for judgment against Defendant Elliott Equipment Company in an amount in excess of Seventy Five Thousand Dollars (($75,000.00), for pre-judgment interest, for punitive damages, for his costs incurred herein, and for such other relief as this Court deems just under the circumstances.

## COUNT 4
### (Negligence / Delbert Nichols)

COMES NOW, Plaintiff, Delbert Nichols, and for his second cause of action against Defendant states as follows:

35. Plaintiff re-alleges and incorporates by reference all preceding paragraphs 1 through 13 and 27 through 34.

36. The aforesaid occurrence and resulting severe injuries and damages sustained by Plaintiff were directly caused or contributed to be caused by the carelessness and negligence of Defendant, in one or more of the following respects:

    a. Defendant failed and omitted to exercise ordinary care to either manufacture or design the product to be reasonably safe;

    b. Defendant failed and omitted to design or manufacture the aerial lift's framework of sufficient strength for its intended and foreseeable use; or

    c. Defendant failed and omitted to provide adequate maintenance procedures; or

  d. Defendant failed and omitted to provide adequate inspection procedures; or

  e. Defendant failed and omitted to provide adequate warnings concerning inspection and/or maintenance of the framework; or

  f. Such further defects as discovery and the evidence will reveal.

37. As a direct result of the negligence of Defendant and the defective and unreasonably dangerous condition of the aerial lift platform, the square metal tubing framework of the turret where the telescopic boom of the aerial lift is attached fractured causing the aerial platform to fall a significant height to the mine floor.

38. As a direct result of the negligence of the Defendant and the defective and unreasonably dangerous condition of the aerial lift, Plaintiff, Delbert Nichols, sustained bodily injuries, including but not limited to, multiple right rib fractures, a liver lesion, right knee, fractures to his maxillary bones and sinuses requiring operative repair, multiple tooth fractures and avulsions requiring operative repair, and injuries to his back including a T1 spine fracture.  Further, said injuries have caused and will cause the plaintiff in the future, medical expenses, lost wages and earning capacity, pain and suffering, and loss of a normal life.

39. The actions and conduct of Defendant exhibited a complete indifference to, or conscious disregard for, the safety of Plaintiff, and others, thereby entitling Plaintiff to an award of punitive damages.

  WHEREFORE, Plaintiff, Delbert Nichols, prays for judgment against Defendant Elliott Equipment Company in an amount in excess of Seventy Five Thousand Dollars (($75,000.00), for pre-judgment interest, for punitive damages,

for his costs incurred herein, and for such other relief as this Court deems just under the circumstances.

         BYRON, CARLSON, PETRI & KALB, LLC


       BY: /s/ Eric J. Carlson
         Eric J. Carlson, #47423
         411 St. Louis Street
         P.O. Box 527
         Edwardsville, IL 62025
         (618) 656-0066
         (618) 655-4004 fax
         ejc@byroncarlson.com

         ATTORNEYS FOR PLAINTIFFS