IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROGER R. BARTON, and<br>DELBERT G. NICHOLS,<br><br>Plaintiffs,<br><br>vs.<br><br>ELLIOTT EQUIPMENT COMPANY,<br><br>Defendant. | Case No.: 1:14-cv-00118 SNLJ<br><br>JURY TRIAL DEMANDED |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant, Elliott Equipment Company, by and though undersigned counsel, and for their Answer to Plaintiffs' Complaint, states as follows:

### PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 1 of Plaintiffs' Complaint and therefore denies the same.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 2 of Plaintiffs' Complaint and therefore denies the same.

3. Admits.

4. Admits.

5. Defendant admits that it manufactured model H 60F-MHUS, 60 foot platform, serial number AR 3358, Defendant denies each and every allegation contained in paragraph 5 of Plaintiffs' Complaint not expressly admitted herein.

## VENUE & JURISDICTION

6. Admits.

7. Admits.

## FACTUAL ALLEGATIONS

8. Admits.

9. Denies.

10. Admits.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 11 of Plaintiffs' Complaint and therefore denies the same.

12. Admits.

13. Admits.

## COUNT 1
### (Strict Liability – Roger Barton)

14. Defendant hereby restates and incorporates the contents of paragraphs 1 through 13 above as if fully set forth herein.

15. Denies.

16. Denies.

17. Defendant denies each and every allegation contained in paragraph 17 of Plaintiffs' Complaint, and all of its sub-parts.

18. Denies.

19. Denies.

20. Denies.

21. Denies.

## AFFIRMATIVE DEFENSES

A. For further Answer and for Defendant's First Affirmative Defense to Count 1 of Plaintiffs' Complaint, Defendant states that whatever injuries or damages were sustained by Plaintiff were caused by Plaintiff's own carelessness, negligence and/or fault pursuant to RSMo. 537.765, including but not limited to Plaintiff's failure to use the subject machine as reasonably anticipated by Defendant, and/or Plaintiff's use of the subject machine for a purpose not intended by Defendant, and/or Plaintiff's use of the subject machine with knowledge of a danger involved in such use with reasonable appreciation of the consequences and the voluntary and unreasonable exposure to said danger, and/or Plaintiff's failure to appreciate the danger involved in the use of the subject machine or the consequences thereof and the unreasonable exposure to said danger, and/or Plaintiff's failure to undertake the precautions a reasonably careful user of the subject machine would take to protect himself against dangers which he would reasonably appreciate under the same or similar circumstances, and/or Plaintiff's failure to mitigate his damages.

B. For further Answer and for Defendant's Second Affirmative Defense to Count 1 of Plaintiffs' Complaint, Defendant states that any alleged defect in the subject machine at the time of Plaintiff's alleged injury, the existence of which Defendant denies, was open and obvious to Plaintiff and any potential danger was discoverable by visual inspection or actual knowledge of specific potential danger based on plaintiff's own experience.

C. For further Answer and for Defendant's Third Affirmative Defense to Count 1 of Plaintiffs' Complaint, Defendant states that, pursuant to RSMo. 537.764, the subject machine was state of the art in that the allegedly dangerous nature of the subject machine was not known and could not reasonably be discovered at the time the product was placed into the stream of commerce.

## COUNT 2
### (Negligence – Roger Barton)

22. Defendant hereby restates and incorporates by reference the allegations contained in paragraphs 1 through 21 above as if fully set forth herein.

23. Defendant denies each and every allegation contained in paragraph 23 of Plaintiffs' Complaint, and all of its sub-parts.

24. Denies.

25. Denies.

26. Denies.

## AFFIRMATIVE DEFENSES

A. For further Answer and for Defendant's First Affirmative Defense to Count 2 of Plaintiffs' Complaint, Defendant states that whatever injuries or damages were sustained by Plaintiff were caused by Plaintiff's own carelessness, negligence and/or fault pursuant to RSMo. 537.765, including but not limited to Plaintiff's failure to use the subject machine as reasonably anticipated by Defendant, and/or Plaintiff's use of the subject machine for a purpose not intended by Defendant, and/or Plaintiff's use of the subject machine with knowledge of a danger involved in such use with reasonable appreciation of the consequences and the voluntary and unreasonable exposure to said danger, and/or Plaintiff's failure to appreciate the danger involved in the use of the subject machine or the consequences thereof and the unreasonable exposure to said danger, and/or Plaintiff's failure to undertake the precautions a reasonably careful user of the subject machine would take to protect himself against dangers which he would reasonably appreciate under the same or similar circumstances, and/or Plaintiff's failure to mitigate his damages.

B.	For further Answer and for Defendant's Second Affirmative Defense to Count 2 of Plaintiffs' Complaint, Defendant states that any alleged defect in the subject machine at the time of Plaintiff's alleged injury, the existence of which Defendant denies, was open and obvious to Plaintiff and any potential danger was discoverable by visual inspection or actual knowledge of specific potential danger based on plaintiff's own experience.

C.	For further Answer and Defendant's Third Affirmative Defense to Count 2 of Plaintiffs' Complaint, Defendant states that if Plaintiff sustained damages as alleged, such damages were caused or contributed to be caused by Plaintiff's own fault and, therefore, fault should be compared and/or apportioned.

## COUNT 3
### (Strict Liability – Delbert Nichols)

27.	Defendant hereby restates and incorporates by reference the contents of paragraphs 1 through 26 above as if fully set forth herein.

28.	Denies.

29.	Denies.

30.	Defendant denies each and every allegation contained in paragraph 30 of Plaintiffs' Complaint, and all of its sub-parts.

31.	Denies.

32.	Denies.

33.	Denies.

34.	Denies.

## AFFIRMATIVE DEFENSES

A.	For further Answer and for Defendant's First Affirmative Defense to Count 3 of Plaintiffs' Complaint, Defendant states that whatever injuries or damages were sustained by

Plaintiff were caused by Plaintiff's own carelessness, negligence and/or fault pursuant to RSMo. 537.765, including but not limited to Plaintiff's failure to use the subject machine as reasonably anticipated by Defendant, and/or Plaintiff's use of the subject machine for a purpose not intended by Defendant, and/or Plaintiff's use of the subject machine with knowledge of a danger involved in such use with reasonable appreciation of the consequences and the voluntary and unreasonable exposure to said danger, and/or Plaintiff's failure to appreciate the danger involved in the use of the subject machine or the consequences thereof and the unreasonable exposure to said danger, and/or Plaintiff's failure to undertake the precautions a reasonably careful user of the subject machine would take to protect himself against dangers which he would reasonably appreciate under the same or similar circumstances, and/or Plaintiff's failure to mitigate his damages.

B.  For further Answer and for Defendant's Second Affirmative Defense to Count 3 of Plaintiffs' Complaint, Defendant states that any alleged defect in the subject machine at the time of Plaintiff's alleged injury, the existence of which Defendant denies, was open and obvious to Plaintiff and any potential danger was discoverable by visual inspection or actual knowledge of specific potential danger based on plaintiff's own experience.

C.  For further Answer and for Defendant's Third Affirmative Defense to Count 3 of Plaintiffs' Complaint, Defendant states that, pursuant to RSMo. 537.764, the subject machine was state of the art in that the allegedly dangerous nature of the subject machine was not known and could not reasonably be discovered at the time the product was placed into the stream of commerce.

## COUNT 4
### (Negligence – Delbert Nichols)

35. Defendant restates and incorporates the contents of paragraphs 1 through 34 above as if fully set forth herein.

36. Defendant denies each and every allegation contained in paragraph 36 of Plaintiffs' Complaint, and all of its sub-parts.

37. Denies.

38. Denies.

39. Denies.

## AFFIRMATIVE DEFENSES

A. For further Answer and for Defendant's First Affirmative Defense to Count 4 of Plaintiffs' Complaint, Defendant states that whatever injuries or damages were sustained by Plaintiff were caused by Plaintiff's own carelessness, negligence and/or fault pursuant to RSMo. 537.765, including but not limited to Plaintiff's failure to use the subject machine as reasonably anticipated by Defendant, and/or Plaintiff's use of the subject machine for a purpose not intended by Defendant, and/or Plaintiff's use of the subject machine with knowledge of a danger involved in such use with reasonable appreciation of the consequences and the voluntary and unreasonable exposure to said danger, and/or Plaintiff's failure to appreciate the danger involved in the use of the subject machine or the consequences thereof and the unreasonable exposure to said danger, and/or Plaintiff's failure to undertake the precautions a reasonably careful user of the subject machine would take to protect himself against dangers which he would reasonably appreciate under the same or similar circumstances, and/or Plaintiff's failure to mitigate his damages.

B. For further Answer and for Defendant's Second Affirmative Defense to Count 4 of Plaintiffs' Complaint, Defendant states that any alleged defect in the subject machine at the time of Plaintiff's alleged injury, the existence of which Defendant denies, was open and obvious to Plaintiff and any potential danger was discoverable by visual inspection or actual knowledge of specific potential danger based on plaintiff's own experience.

C.  For further Answer and Defendant's Third Affirmative Defense to Count 4 of Plaintiffs' Complaint, Defendant states that if Plaintiff sustained damages as alleged, such damages were caused or contributed to be caused by Plaintiff's own fault and, therefore, fault should be compared and/or apportioned.

WHEREFORE, having fully responded to all allegations in Plaintiffs' Complaint, Defendant prays for dismissal of Counts 1 through 4 of Plaintiffs' Complaint, its costs, and any further relief the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Michael B. Maguire
Michael B. Maguire, #35036MO
John J. Greffet, #62106MO
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101-2501
314-421-3400
314-421-3128 – FAX
mmaguire@bjpc.com
jgreffet@bjpc.com
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Eric J. Carlson
BYRON, CARLSON, PETRI & KALB, LLC
411 St. Louis Street
P.O. Box 527
Edwardsville, IL 62025
ejc@byroncarlson.com
*Attorneys for Plaintiffs*

/s/ Michael B. Maguire

11931980